UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**JAMES BRADLEY**                                                                                    **PETITIONER**

v.                                                                        **CIVIL ACTION NO. 5:22-CV-P144-JHM**

**UNITED STATES OF AMERICA**                                                                 **RESPONDENT**

**MEMORANDUM OPINION**

*Pro se* Petitioner James Bradley, a federal prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. The Court reviews the § 2241 petition to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28 U.S.C. § 2254 Cases (applicable to § 2241 petitions under Rule 1(b)).

**I.**

On December 11, 2019, Bradley, who at the time was a convicted inmate in state prison, pleaded guilty to a federal charge of possession with intent to distribute methamphetamine. *United States v. Bradley*, No. 5:18-cr-26-TBR, DN 63. In the plea agreement, Bradley waived his right to directly appeal and "to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise" unless on claims of ineffective assistance of counsel or prosecutorial misconduct. *Id.* at DN 59, p. 6. On June 24, 2020, the Court sentenced Bradley to prison for 180 months and ordered that the "term of imprisonment imposed . . . shall run consecutively to the sentence of imprisonment the defendant is presently serving in McCracken Circuit Court, Case Numbers 08-CR-00465-001 and 12-CR-00333." *Id.* at DN 77. Bradley did not appeal or file a § 2255 motion.

In June 2021, Bradley filed a *pro se* motion in his federal criminal case in which he asked the Court to modify his sentence to 175 months and to have it run concurrently with the McCracken Circuit Court's sentence in cases 08-CR-465-001 and 12-CR-333. *Id.* at DN 85. The Court held that it lacked jurisdiction to modify his sentence under either 18 U.S.C. § 3582(c) or Fed. R. Crim. P. 35 and that the plea agreement in which Bradley waived his right to modification of his sentence bound the Court. *Id.* at DN 89, p. 3. The Court also held that, even assuming it had jurisdiction, the plea agreement explicitly stated that his federal sentence was to run consecutively to his state sentence, thereby mandating denial of his motion. *Id.* at 5.

## II.

In his § 2241 petition, Bradley, now incarcerated in federal prison, asks this Court to retroactively change his federal sentence to run concurrently with his already completed state sentence. Citing U.S. Sentencing Guideline § 5G1.3[1] and 18 U.S.C. § 3584[2], Bradley contends that a district court has the authority to order a federal sentence to run concurrently with a state sentence and that § 2241 is the appropriate vehicle for challenges related to § 5G1.3 and § 3584.

A § 2241 petition seeking to challenge the execution of a federal prisoner's sentence must be filed "in the district court having jurisdiction over [his] custodian." *See United States v. Jenkins*, 4 F. App'x 241, 242 (6th Cir. 2001). Bradley is currently housed in federal prison in Greenville, Illinois, and jurisdiction would lie with the district court in which Bradley's custodian is found. The Court will not transfer this case to the district where it should have been brought because Bradley plainly is not entitled to relief. *See Welch v. United States*, No. 14-

---

[1] This Sentencing Guideline pertains in pertinent part to the imposition of a sentence on a defendant who is subject to an undischarged term of imprisonment.

[2] Under § 3584(a) if "a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively," but the sentencing court must consider the factors set forth in 18 U.S.C. § 3553 in doing so. § 3584(b).

2

1296-JDT-EGB, 2015 WL 73588, at *4 (W.D. Tenn. Jan. 6, 2015) (declining to transfer § 2241 filed in the sentencing court rather than the district of incarceration because petitioner was clearly not entitled to relief).

"[S]ection 2241 typically facilitates only challenges to 'the execution or manner in which the sentence is served' – those things occurring within the prison." *Taylor v. Owens*, 990 F.3d 493, 495 (6th Cir. 2021) (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999)), and, in fact, "courts have rejected the notion that a claim that Section 5G1.3 should have been applied at sentencing implicates the BOP's execution of a criminal judgment." *Gay v. Ray*, No. 6:22-CV-12-CHB, 2022 WL 794690, at *2 (E.D. Ky. Feb. 2, 2022) (and cases cited therein). "[A] federal prisoner may also challenge the validity of his conviction or sentence under § 2241 if § 2255 is 'inadequate or ineffective to test the legality of his detention,' according to [§ 2255's] 'savings clause[.]'"[3] *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

"The decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed." *Bryson v. United States*, No. 6:18-CV-335-CHB, 2019 WL 3554702, at *3 (E.D. Ky. Aug. 5, 2019) (citing *Peterman*, 249 F.3d at 458; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012)). In *Hill v. Masters*, the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition through the savings clause of § 2255(e), applicable only to:

---

[3] The "savings clause" provides:

> (e) An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

3

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016).

Bradley does not meet any of the three requirements of this exception. First, his sentence was not imposed before the Supreme Court's 2005 *Booker* decision. Second, although were Bradley to file a § 2255 motion it would not be successive, it would be foreclosed because he waived his right to do so except to raise certain issues not applicable here and also because a § 2255 motion filed now would be time-barred. As *Hill* explained, Bradley carries the burden to establish that the savings clause applies to his petition, and "§ 2255 is not 'inadequate or ineffective' merely because . . . a § 2255 motion is procedurally barred[.]" *Id.* at 594 (citing *Charles*, 180 F.3d at 756). Finally, Bradley's request to alter his federal sentence to run concurrently with his state sentence is not premised on a retroactively applicable Supreme Court decision affecting the validity of a prior conviction used to enhance his federal sentence.

The Court will by separate order dismiss Bradley's § 2241 petition for lack of subject-matter jurisdiction. *See Taylor*, 990 F.3d at 500. The consideration of whether a certificate of appealability should issue is unnecessary. *Id*. at 496 n.1.

Date: May 15, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Petitioner, *pro se*
U.S. Attorney
4414.009